UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CINDY MITCHELL**                                                                                                              **PLAINTIFF**

v.                                                                 **CIVIL ACTION NO. 5:22CV-P153-JHM**

**PADUCAH CITY POLICE**
**DEPARTMENT** *et al.*                                                                        **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Cindy Mitchell filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial review.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the McCracken County Jail. She sues the Paducah City Police Department; Chelsea Breakthrough, a Paducah Police Department officer; and "Public Advocates," describing them as public defenders, in their official capacities only.

Plaintiff alleges as follows:

On 6/17/2018 when I was stopped by Paducah City Police I was charged with a Class D felony possession of meth when I did not have a quantity of meth on my person. I had a meth pipe which is a Class A misdemeanor. On Sunday July 1st 2018 when Paducah City Police Officer Chelsea Breakthrough came to my motel room at Hickory House Motel she came on a hearsay phone call from Laura Hayden. Hearsay is not permitted in courts ever. She illegally searched my room. She did not have a search warrant and she did not find anything on my person. She found a meth pipe in the restroom allegedly. I was charged with a Class D felony possession of meth when it should've only been a Class A misdemeanor drug paraphenila. I was falsely convicted to a 3 year sentence because ineffective counsel made me feel that I had to take a plea deal to get out of jail. I set in the McCracken County Jail 154 days before the Honoroable Judge Tony Kitchen probated me for 3 years. . . . This conviction was false because of Officer Chelsea Breakthrough/Paducah City Police Dept.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III.  ANALYSIS

### A.  *"Public Advocates"*

Plaintiff sues "Public Advocates."  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  It is not sufficient for Plaintiff to sue "Public Advocates" as a group because it fails to put any Defendant on notice of a claim against him or her.  *See Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted).  Therefore, Plaintiff's claim against "Public Advocates" will be dismissed for failure to state a claim upon which relief may be granted.

However, even if Plaintiff had identified the specific public defenders who represented her, it is firmly established that a defense attorney, regardless of whether she is a public defender or a private attorney, is not a state actor for purposes of § 1983.  *Polk Cnty. v. Dodson*, 454 U.S 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").  Thus, because Plaintiff's public defenders are not state actors, any constitutional claims against them must be dismissed for failure to state a claim upon which relief may be granted.

### B. *Municipal Defendants*

Plaintiff sues the Paducah Police Department and Officer Breakthrough in her official capacity only. A police department is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, the City of Paducah is the proper defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, Plaintiff's official-capacity claim against Breakthrough is actually brought against her employer, the City of Paducah. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not assert that any of the alleged actions were taken based on a policy or custom of the City of Paducah. Accordingly, Plaintiff's claim against the Paducah Police Department and her official-capacity claim against Breakthrough will be dismissed for failure to state a claim upon which relief may be granted.

C. *Statute of limitations*

Even if Plaintiff had sued Breakthrough in her individual capacity, the claim would still fail. Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)).

"[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 388). Therefore, Plaintiff's statute of limitations on this claim began to run on the date of his arrest, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. Therefore, the statute of limitations on Plaintiff's false arrest claim accrued on or about June 17, 2018, and expired one year later. Because the complaint was not filed until October 4, 2022,[1] nearly three years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's false arrest claim is untimely and must be dismissed as frivolous.

A claim of unlawful search and seizure under the Fourth Amendment accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004."). The one-year statute of limitations on Plaintiff's claim for illegal search and seizure accrued on June 10, 2016, the date of the alleged illegal search and seizure. The limitations period, therefore, expired one year later on June 10, 2017. Therefore, this claim must also be dismissed as untimely.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: May 24, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

6